IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SHAWNELLIAS BURGESS )
)
v. ) NO. 3:10-1180
)
CHASE BANK USA, N.A., and )
EXPERIAN INFORMATION SOLUTIONS )

**O R D E R**

By Order entered April 27, 2011 (Docket Entry No. 122), the Court denied in part the plaintiff's motion (Docket Entry No. 112) for permission to register as a filing user of the electronic filing system . The Court took under advisement that part of the motion in which the plaintiff sought to receive notice electronically of filings made by the defendants and of orders entered by the Court, and directed the plaintiff to file a notice of his e-mail address and a certification. On May 3, 2011, the plaintiff filed a notice and certification (Docket Entry No. 136), but sought to have the e-mail address he provided in his notice kept under seal by filing a motion (Docket Entry No. 135) to seal.

Thereafter, by Order entered May 11, 2011, the Court advised the plaintiff that:

if the plaintiff wants to receive notice of filings made electronically by the defendants, as well as orders and notices from the Court and the Clerk, his email address cannot be maintained under seal.

Therefore, the plaintiff shall file by May 23, 2011, a notice of whether (1) he wants to receive electronic notice, as provided in the April 27, 2011, order and in his May 3, 2011, notice, understanding that his email address will NOT be maintained under seal; or (2) he wants to continue to only receive hard copies of filings made by the defendants by mail and orders and notices from the Court and Clerk by hard copies mailed by the Clerk, keeping his email address unavailable from public access.

<u>See</u> Docket Entry No. 144.

On May 16, 2011, the plaintiff filed a notice (Docket Entry No. 148), indicating that he understood the e-mail address he was provided would not be maintained under seal and that he wanted to receive electronic notice as provided in the April 27, 2011, Order.

Accordingly, that part of the plaintiff's motion (Docket Entry No. 112) which was taken under advisement is GRANTED. The Clerk is directed to begin providing the plaintiff with electronic copies of orders or other notices issued by the Court or the Clerk by e-mail at Shawnellias@gmail.com instead of mailing the plaintiff copies of orders or other notices. The plaintiff shall:

> (1) immediately file a notice with the Clerk of any change in the e-mail address at which he is receiving electronic notice;
>
> (2) give up his right to receive any orders or other notices issued by the Court or the Clerk by mail;
>
> (3) rely exclusively on the e-mail notification by the Clerk of any orders and notices issued by the Court or the Clerk;
>
> (4) have the ability to open any order, notice, or filing made by the defendants one time, but will not be able to open any such order, notice or filing more than once;
>
> (5) continue to serve defendants' counsel by mail with copies of all filings that he makes in the case; and
>
> (6) continue to make his own filings in the case by paper and will be unable to use the ECF system to make his own filings.

The defendants shall still be required to serve the plaintiff by mail with any filings that they make in this case.

In light of the instant order, the plaintiff's motion (Docket Entry No. 181) to ascertain the status of his notice is GRANTED, and the plaintiff's motion (Docket Entry No. 135) for leave to file under seal is DENIED.

The Clerk is directed to UNSEAL Docket Entry No. 136.

The plaintiff's motion to redact or seal (Docket Entry No. 137) is GRANTED to the extent that the Clerk is directed to place and maintain UNDER SEAL Docket Entry No. 92-1. If there are other filings the plaintiff wants to be maintained under seal because they reflect an e-mail address, he may file a motion to seal such filings with specific reference to the docket entry numbers. The Court will not seal filings with the plaintiff's address absent extraordinary circumstances.

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal. See Rule 72.02(b) of the Local Rules of Court.

So ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge