IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SHAWNELLIAS BURGESS )
)
v. ) NO. 3:10-1180
)
CHASE BANK USA, N.A., and )
EXPERIAN INFORMATION SOLUTIONS )

**O R D E R**

Shawnellias Burgess v. Chase Bank USA, N.A. and Experian Information Solutions, No. 3:10-1180, and Shawnellias Burgess v. Chase Bank USA, N.A., No. 3:10-0036, are both now assigned to the District Judge Kevin H. Sharp and have been referred to the Magistrate Judge, pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, for pretrial proceedings.

In both actions, the pro se plaintiff has filed a motion to amend. See Docket Entry No. 80 in Case No. 3:10-0036 and Docket Entry No. 142 in Case No. 3:10-1180. He seeks permission to amend his pleadings so that there is a single complaint covering both actions. The motions are accompanied by the proposed amended complaint and 16 exhibits. Defendant Chase has responded in each action by stating that it is not opposed to the proposed amendment, see Docket Entry No. 150, and Defendant Experian Information Solutions, Inc. ("Experian") has filed a notice joining in Defendant Chase's response. See Docket Entry No. 151.

Although not expressly requested by the plaintiff, he is essentially requesting that both actions be consolidated into a single case. By Order entered May 3, 2011 (Docket Entry No. 134), Chief Judge Todd J. Campbell granted in part and denied in part the plaintiff's motion to "merge"

his two actions and, pursuant to Local Administrative Order 176, transferred the instant action to the District Judge presiding over the plaintiff's other action as a related case. However, the two cases have not been consolidated and are, at this point, proceeding as separate cases. Both Defendant Chase and Defendant Experian previously responded to the plaintiff's motion to "merge" by indicating that they did not oppose consolidation of the two actions. See Docket Entry Nos. 111 and 117 in Case No. 3:10-1180.

Given the commonality of parties, claims, underlying facts, and questions of law, and the potential overlap of applicable discovery, it would benefit the Court and all parties for the two actions to proceed as a consolidated case. Accordingly, the plaintiff's motion (Docket Entry No. 142) to amend is GRANTED. Pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure, the Court CONSOLIDATES the two actions for all further proceedings, including any trial of the plaintiff's claims. All future filings by the parties shall be styled with the caption of this Order and the Clerk is directed to docket all filings made after the date of this Order in Case No. 3:10-1180.[1]

The Clerk is directed to file the plaintiff's proposed second amended complaint (Docket Entry No. 142-1 through 142-18), which is attached to his motion to amend, in the consolidated case. The Defendants shall have until September 12, 2011, to file an amended answer to the second amended complaint.

---

[1] Pretrial proceedings in Case No. 3:10-1180 have been more extensive than in Case No. 3:10-0036 and other pretrial motions are pending in Case No. 3:10-1180. Accordingly, the Court finds it will be less confusing for all future filings to be docketed in Case No. 3:10-1180 even though it is the later filed case.

As noted by Defendant Experian in its prior response to the motion to merge, consolidation of the two actions does not mean that the claims alleged against Defendant Chase and Defendant Experian are merged into joint claims. The plaintiff's claims against each defendant, as alleged in his consolidated amended complaint, remain distinct, and consolidation merely means that proceedings in the two actions will be conducted as part of a consolidated case and not as two separately litigated actions.

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal. See Rule 72.02(b) of the Local Rules of Court.

So ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge